IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

TIMOTHY PAUL WALTER                          Case No. 6:23-cv-00688-AA
                                             **OPINION AND ORDER**
            Plaintiff,

        v.

EUGENE SCHOOL DISTRICT 4J,

            Defendant.

_____

AIKEN, District Judge:

Plaintiff Timothy Paul Walter filed an employment discrimination suit under Title VII of the Civil Rights Act of 1964 against defendant Eugene School District 4J. Compl., ECF No. 1. This case comes before the Court on defendant's Motion to Dismiss ("MTD") for failure to state a claim. ECF No. 7. For the reasons set forth below, defendant's Motion is GRANTED, and the Complaint is DISMISSED.

## LEGAL STANDARDS

To survive a motion to dismiss under the federal pleading standards, a pleading must contain a short and plain statement of the claim alleging "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading requires more than "a formulaic

PAGE 1 – OPINION AND ORDER

recitation of the elements of a cause of action," but does not require "detailed factual allegations." *Iqbal*, 556 U.S. at 677-78.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. Legal conclusions without any supporting factual allegations do not need to be accepted as true. *Id.*

## INCORPORATION BY REFERENCE

As an initial matter, defendant asks the Court to consider, as incorporated by reference in plaintiff's complaint, defendant's emails to plaintiff establishing vaccination deadlines, providing the "exemption request" form, and setting out policies for failure to meet the deadlines or provide required form. *See* Vickers Decl. Ex. 1, ECF No. 8-1; Vickers Decl. Ex. 2, ECF No. 8-2.

Generally, "district courts may not consider material outside the pleadings when asserting the sufficiency of a complaint under Rule 12(b)(6)[.]" *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). The incorporation by reference doctrine is one of "two exemptions to this [general] rule[.]" *Id.* This doctrine "treats certain documents as though they are part of the complaint itself." *Id.* at 1002. This doctrine "prevents plaintiff from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken–or doom–their claims." *Id.* This also prevents "plaintiffs

from surviving a Rule 12(b)(6) motion by deliberately omitting reference to documents upon which their claims are based." *Id.* (quoting *Parrino v. FHP Inc.*, 146 F.3d 699, 706 (9th Cir. 1998). The Ninth Circuit recognizes "a defendant may seek to incorporate a document into the complaint 'if the plaintiff refers extensively to the document or the document forms a basis of the plaintiff's claim.'" *Id.* (quoting *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)). However, the Ninth Circuit holds "'the mere mention of the existence of a document is insufficient to incorporate the contents of a document' under *Ritchie*." *Khoja*, 899 F.3d at 1002 (quoting *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010)).

Here, plaintiff's Complaint is entirely based on the mandate for receiving the COVID-19 vaccine and deadline for requesting an exemption to the mandate. Id., ¶ 12. Plaintiff claims that defendant discriminated against him when it refused to accept plaintiff's exemption request, which, in plaintiff's view, constitutes an unlawful failure to accommodate plaintiff's religious beliefs. Id., ¶¶ 13, 39. Additionally, plaintiff includes "Oregon Health Authority Schools and School-Based Programs Vaccine Rule FAQs" as an exhibit in his complaint. Id., ¶¶ 9-20. Plaintiff's exhibit references the Oregon Health Authority ("OHA") form on which religious exemption requests must be made. *Id.* at 14.

The Court finds that defendant's communications setting forth the deadline to request an exemption from the vaccine mandate, the OHA exemption request form, and notice to plaintiff on the effect of failing to meet the exemption

requirements are valid subjects for incorporation by reference. Accordingly, the Court takes notice of defendant's exhibits, finding that they have been incorporated by reference in plaintiff's Complaint.

## BACKGROUND

Defendant employed plaintiff as a substitute teacher. Compl., ¶ 8. Although no longer in effect, on August 25, 2021, OHA adopted a temporary rule ("OHA vaccine rule") (formerly OAR 333-019-1030) requiring all K-12 school employees to provide either proof of vaccination against COVID-19 or a request for medical or religious exemption by October 18, 2021. The rule stated:

> A religious exemption must be corroborated by a document, on a form prescribed by the Oregon Health Authority, signed by the individual stating that the individual is requesting an exemption from the COVID-19 vaccination requirement on the basis of a sincerely held religious belief and including a statement describing the way in which the vaccination requirement conflicts with the religious observance, practice, or belief of the individual.

OAR 333-019-1030(4)(b)(B).

On September 3, 2021, the District communicated to all employees, including plaintiff, that as required by OAR 333-019-1030, employees were required to submit proof that they were fully vaccinated by October 5 or alternatively, submit a request for a medical or religious exemption on the OHA form, which was attached to the email, by September 13, 2021. *See* Complaint ¶ 13 (describing District timelines) & Vickers decl. Ex. 1. Defendant states that the reason for the September 13, 2021 deadline to provide the exemption request was that individuals seeking an

exemption were required to participate in the interactive process with all employees who properly submitted a request for an exemption. *See id*.

Plaintiff did not submit his request for an exemption by the September 13 deadline. And he did not submit his request on the form prescribed by the rule. Accordingly, plaintiff's employment was terminated. Comp., ¶ 12 (referencing plaintiff's request) & Vickers decl. Exhibit 2 (containing the emails with the request).

## DISCUSSION

Plaintiff makes two claims for relief alleging religious discrimination in violation of Title VII. *Id*. ¶¶ 23 -42. He alleges that the District terminated him because of his religious beliefs and that the District failed to engage in the interactive process to come up with an accommodation for his religious beliefs. *Id*.

Plaintiff's claim is based on the allegation that the District had different deadlines for individuals seeking exemptions than those for individuals who submitted proof of vaccination and that defendant failed to accommodate plaintiff's religious belief.

Plaintiff claims that defendant violated his rights under Title VII of the Civil Rights Act, for religious employment discrimination through disparate treatment and failure to accommodate. Compl. at 3-4. Defendant moves to dismiss for failure to state a claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6). MTD at 1.

## I.    Religious Discrimination Based on Disparate Treatment.

Title VII makes it unlawful for an employer to discriminate against an employee based on religion.  42 U.S.C. § 2000e-2(a)(1).  Title VII disparate treatment claims are analyzed under the two-part *McDonnell Douglas* framework. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04.  To establish a prima facie case, a plaintiff must allege:

> (1) the individual's membership in a protected class; (2) the individual was qualified for the position; (3) the individual experienced an adverse employment action; and (4) similarly situated individuals outside of the protected class were treated more favorably.

*Foneseca v. Sysco Food Servs. Of Az., Inc.*, 374 F.3d 840, 847 (9th Cir. 2004) (citing *McDonnell Douglas*, 411 U.S. at 802).  If a plaintiff makes out a prima facie case, the burden shifts back to the defendant to provide a legitimate, nondiscriminatory reason for the disparate treatment.  *McDonnell Douglas Corp.*, 411 U.S. at 802. Then, the burden shifts to the plaintiff to show the defendant's stated reason is "mere pretext" for discrimination.  *Id.* at 798.

Here, defendant alleges plaintiff failed to sufficiently plead the second and fourth elements necessary to establish a prima facie case.  MTD at 4.

## A. Part One of *McDonnell Douglas* Framework

First, defendant alleges plaintiff failed to plead his qualifications.  *Id.* Defendant contends plaintiff did not "allege that he completed the form which the State of Oregon required as a condition of receiving an exemption to the vaccine mandate."  *Id.*  Defendant conflates qualifications necessary for plaintiff's position as a substitute teacher with employment vaccination requirements prescribed by

the OHA vaccine rule.  Plaintiff alleges he is a "licensed teacher with 29 years of professional teaching experience in Oregon public schools."  Compl., ¶ 7-8.  The Court finds plaintiff satisfies the first element of a prima facie case.

Second, defendant alleges plaintiff failed to plead facts sufficient to show similarly situated individuals outside of the protected class were treated more favorably.  MTD at 4.  Plaintiff takes issue with the fact that the deadline to complete the exemption request form is earlier than the deadline to provide documentation for receiving the vaccine. On that basis, plaintiff alleges that Defendant engaged in disparate treatment based on religion. Compl., at ¶ 27.  As a reminder, employees requesting a medical and/or religious exemption were required to submit by September 13, 2021.  *Id.* at ¶ 20.  Employees submitting proof of vaccination were required to submit by October 5, 2021.  *Id.* at ¶ 14.

Plaintiff has not pled facts sufficient to show that an earlier deadline to complete the proper documentation is discriminatory. Further, plaintiff has not pled any facts that show that the earlier—and allegedly discriminatory deadline—was imposed based on religion. Because plaintiff fails to show how similarly situated individuals outside of his protected class were treated more favorably, the Court finds plaintiff does not satisfy the fourth element of a prima facie case.  Therefore, plaintiff fails to establish a prima facie case based on disparate treatment.

**B.**    ***Part Two of McDonnell Douglas Framework***

Even if plaintiff could establish a prima facie case of disparate treatment, plaintiff fails to satisfy the second part of the *McDonnell Douglas* framework. If plaintiff were to first prove a prima facie case, the burden then shifts to defendant to provide a legitimate, nondiscriminatory reason for the disparate treatment. *McDonnell Douglas Corp.*, 411 U.S. at 802.

Here, defendant explains that "the reason for the September 13, 2021, deadline was that individuals seeking an exemption were required to participate in the interactive process with all employees who properly submitted a request for exemption." *See* ECF No. 8-1; *see* ECF No. 7 at 3. Further, defendant stated, "the vaccine mandate required [defendant] to take steps to make sure employees who received exemptions did not contract or spread COVID-19." ECF No. 10 at 5; *see* OAR 333-019-1030(4).

The OHA vaccine rule requires "schools that grant a medical or religious exemption to the vaccination requirement must take reasonable steps to ensure that unvaccinated teachers, staff and volunteers are protected from contracting and spreading COVID-19." OAR 333-019-1030(4). Here, defendant has met its burden to provide a nondiscriminatory reason for the earlier deadline: to process exemption requests, engage in the interactive process, and take necessary preventive steps prior to the compliance deadline of October 18, 2021. Therefore, the Court finds defendant satisfies requirement of providing legitimate, nondiscriminatory reason.

The burden then shifts to plaintiff to show the reason provided by defendant is mere pretext to discrimination. Plaintiff may show reason is pretextual "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Chuang v. University of California Davis*, 225 F.3d 1115, 1123 (9th Cir.2000) (quoting *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981)). Plaintiff contends that this deadline is "arbitrary" because "defendant would have continued to receive, evaluate, and grant exemption requests from qualified job applicants any time after September 13, 2021." ECF No. 9 at 4. Plaintiff fails to assert any plausible facts that show that defendant's provided reasoning is mere pretext for discrimination.

## II.    Failure to Accommodate

Title VII failure to accommodate claims are analyzed under a two-part, burden-shirting framework. *Tiano v. Dillard Dep't Stores, Inc.*, 139 F.3d 679, 681 (9th Cir. 2004). Under this framework, a plaintiff must first allege a prima facie case of religious discrimination based on failure to accommodate. *Id.* To establish a prima facie case, a plaintiff must allege: (1) a bona fide religious belief or practice which conflicted with the employee's job duty; (2) notice to the employer of the belief and conflict; and 3) the employer threatened or discharged the employee based on the employee's inability to perform the job requirement. *E.E.O.C. v. Red Robin Gourmet Burgers, Inc.*, 2005 WL 2090677, *2.

If a plaintiff makes out a prima facie case, the burden shifts to the defendant to show they "initiated good faith efforts to accommodate reasonably the employee's religious practices or that it could not reasonably accommodate the employee without undue hardship." *Id.* (quoting *Tiano*, 139 F.3d at 681). Undue hardship exists "when a burden is substantial in the overall context of an employer's business." *Groff v. DeJoy*, 600 U.S. 447, 468 (2023).

A.    ***Part One: Plaintiff's Burden to Show Failure to Accommodate***

First, it is undisputed plaintiff has demonstrated a bona fide religious belief or practice. Compl., ¶ 11. Second, plaintiff made defendant aware of plaintiff's belief and practice not to receive vaccines, albeit after the deadline passed. Vickers Decl., Ex. 2 at 2. Third, plaintiff contends that "[d]efendant's policies and actions made it impossible for [p]laintiff to keep his job without being vaccinated...." ECF No. 9 at 6. However, based on plaintiff's own allegations, plaintiff could have kept his job if he had provided his exemption request on the proper form by the deadline.

Plaintiff therefore has not alleged facts to demonstrate that defendant discharged him based on his inability to perform the job requirement. Plaintiff's employment was terminated for refusal to comply with defendant's process for complying with the OHA vaccine rule.

Plaintiff argues defendant's alleged willingness to extend the deadline for proof of vaccination is evidence of defendant discriminating against plaintiff based on his religion. Compl., ¶ 16-18.

### B.    *Defendant's Burden: Reasonable Accommodation*

Even if plaintiff could establish a prima facie case of failure to accommodate, plaintiff fails to satisfy the second part of the *Tiano* framework if defendant can show they "initiated good faith efforts to accommodate reasonably the employee's religious practices or that it could not reasonably accommodate the employee without undue hardship." *Tiano*, 139 F.3d at 681.

Here, defendant asserts that it created a direct pathway for plaintiff to receive an accommodation. *See* ECF No. 8-1.  All employees requesting an exemption were required to submit a request by September 13, 2021.  Defendant asserts that the deadline was imposed to provide enough time to process exemption requests, engage in the interactive process, and take necessary preventive steps prior to the compliance deadline of October 18, 2021.

Plaintiff is not arguing he required an accommodation to the prescribed deadline, but rather that he required an accommodation to the OHA vaccine rule. There is no question that defendant made a good faith effort to accommodate employees' potential needs for an exemption to the OHA vaccine rule. Defendant made this accommodation available to plaintiff and anyone else needing an exemption, but plaintiff failed submit a request for exemption in a timely manner.

Plaintiff argues allowing him to submit an exemption request after the set deadline would not create an undue hardship for defendant.  *See* Supplemental Memorandum in Opposition to Motion to Dismiss, ECF No. 19.  Plaintiff has

asserted no facts demonstrating that defendant could have taken less time to process exemption requests, engage in the interactive process, and take necessary preventive steps prior to the compliance deadline of October 18, 2021.

Additionally, per the OHA vaccine rule, "[s]chools and school-based programs that violate any provision of this rule are subject to civil penalties of $500 per day per violation." OAR 333-019-1030(15). Defendant persuasively asserts that, considering this potential financial violation, along with the requisite compliance measures, it would be unreasonable for defendant to allow late submissions of exemption requests. Plaintiff has not alleged any facts demonstrating extraordinary circumstances that prevented him from complying with this reasonable deadline, nor alleged he needed an accommodation to this deadline. Plaintiff's failure to be punctual does not equate to an inference of discrimination.

The requirement that Title VII plaintiffs "provide more than a recitation of the elements of a prima face case is not an empty formalism." *Gamon v. Shringers Hosp. for Children*, 2023 WL 7019980, at *3. Here, plaintiff's conclusory allegations are insufficient to state a claim under Rule 12(b)(6).

**CONCLUSION**

PAGE 12 – OPINION AND ORDER

For the Reasons explained, defendant's Motion to Dismiss, ECF No. 7, is GRANTED and the Complaint, ECF No. 1, is DISMISSED. A judgment of dismissal shall be entered accordingly.

IT IS SO ORDERED.

Dated this 31st day of March 2024.

_____
/s/Ann Aiken

Ann Aiken
U.S. District Judge

Plaintiff claims he was "unaware of the special compliance deadlines prescribed by [d]efendant" because he was a substitute teacher and did not have a school district email address.  ECF No. 1 at ¶ 15.  However, plaintiff references the communication he received from defendant, via email, regarding matters like termination or knowledge of deadlines to provide proof of vaccination.  *See* ECF No. 1; *see* ECF No. 8-2.  Relatedly, plaintiff fails to mention the email communication he received, and responded to, regarding exemption request deadlines and the proscribed form.  *See* ECF No. 8-2.  Plaintiff's eventual exemption request was

submitted in response to email he received from defendant regarding compliance with the OAR 333-019-1030[1].  *Id.*

---

[1] The relevant version of OAR 333-019-1030 was effective from August 25, 2021, to January 27, 2022.

PAGE 14 – OPINION AND ORDER